ACME ROAD MACHINERY COMPANY, Respondent, *v.* ALBANY GRAVEL COMPANY, INC., Appellant.

PER CURIAM. Judgment reversed on the law and a new trial granted, with costs to appellant to abide the event. The learned trial court erred in assuming as a matter of law that " 30 Horse Power " in defendant's Exhibit 1 meant maximum power to be used, and that the use of greater power caused the breaking of the frame, and, therefore, that plaintiff could not recover. Whether these figures and words referred to maximum power or minimum power was at least so ambiguous that their signification could not be determined either as a matter of law or fact without taking testimony bearing on the subject. But even if " 30 Horse Power " was intended to specify a maximum limitation, it does not follow as a matter of law that the use of greater power amounted to a material variance from written instructions. There being testimony that nothing more resistant than the stone usually crushed got into the jaws of the crusher and that the jaws of the crusher were properly adjusted, it was for the jury to say — if it could be said at all — that the use of greater horse power than thirty caused the damage. The questions of warranty, breach of warranty and cause of breakage of the machine were fairly for the jury. And as to all these questions, had conclusions been reached by the jury which were not favorable to the plaintiff, the determination of the extent of the damages and the responsibility for them would also have been for the jury. All concur. Present — Sears, P. J., Crouch, Taylor, Thompson and Crosby, JJ. Judgment reversed on the law and a new trial granted, with costs to appellant to abide the event.